DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | | |
|---|---|---|
| EVARISTO RODRIGUEZ and JULIO BECERRIL, | : : | 1:12-cv-29 |
| Plaintiffs, | : : | |
| v. | : : | Hon. John E. Jones III |
| SPARTAN CONCRETE PRODUCTS, LLC, | : : : | |
| Defendants. | : | |

## <u>MEMORANDUM AND ORDER</u>

### August 18, 2015

Pending before the Court is Defendant Spartan Concrete Products, LLC's ("Defendant" or "Spartan") Motion for Summary Judgment (Doc. 76). The Motion has been fully briefed by the parties (Docs. 77, 78, 81, 82, 87, 88, and 91) and is therefore ripe for our review. For the reasons that follow, Spartan's Motion for Summary Judgment shall be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs Evaristo Rodriguez and Julio Becerril (collecitvely "Plaintiffs) commenced this action with the filing of a Complaint on March 22, 2012. (Doc. 1). The seven count Complaint contains claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Count 1) and Virgin Islands Fair Wage

1

and Hour Act (Count II), as well as claims for wrongful discharge (Count III), breach of contract (Count IV), breach of the duty of good faith and fair dealing (Count V), misrepresentation (Count VI) and retaliation (Count VII). Following the close of discovery, Defendant filed the instant Motion, seeking summary judgment on all claims.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.   DISCUSSION

### A.   Fair Labor Standards Act/Virgin Islands Fair Wage and Hour Act[1]

Plaintiffs in this matter previously worked for Spartan as dump truck drivers. Spartan contends that the Plaintiffs were independent contractors.[2] Plaintiffs assert that, although they were generally paid by dump truck load, they were actually hourly employees of Spartan. Plaintiffs complain that, as employees of Spartan, their rate and amount of pay fell short of minimum wage and overtime pay standards. In 2011, Spartan began experiencing financial troubles. On June 3, 2011 the Plaintiffs were given termination letters, advising them that their services as dump truck drivers were no longer needed, due to Spartan's economic difficulties and a subsequent reduction in force.

The Fair Labor Standards Act (FLSA), 29 U.S.C. § 206 *et seq*. imposes minimum wage and maximum hour requirements on employers. Pursuant to the FLSA, an employer is obligated to pay employees a minimum wage and to

---

[1] The parties do not dispute that these claims can be considered together, inasmuch as the Virgin Islands statute is modeled after the FLSA.

[2] Spartan has alternatively argued that, even if Plaintiffs were hourly employees, the total amount they were paid during their employment satisfies minimum wage and overtime requirements. As an alternative to that argument, Spartan argues that Plaintiffs did not work 40 hours per week. The Court recognizes these arguments, but notes there are too many factual disputes to consider them as a basis for granting summary judgment.

compensate for hours worked in excess of 40 hours per week at a rate of 1 and ½ times the employees' regular rate. *See* 29 U.S.C. §§ 206 and 207(a). The FLSA protects employees, not independent contractors, and the determination of whether an individual is employed by an employer is determined after an analysis of a six-factor test developed by the United States Court of Appeals for the Third Circuit. *See Martin v. Selker Bros., Inc.*, 949 F. 2d 1286, 1293 (3d Cir. 1991). Those factors are as follows:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending on his managerial skills;
>
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helper;
>
> (4) whether the service rendered requires a special skill;
>
> (5) the degree of permanence of the working relationship; and
>
> (6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* at 1293.

In consideration of the matter *sub judice*, we note that the parties dispute

essentially every salient fact that would drive our analysis of these factors, thus we are constrained to deny the Defendant's motion with respect to the FLSA and Virgin Islands Fair Wage and Hour Act claims.

### B.     Remaining Claims

As noted above, Counts III through VII of the Complaint set forth claims for wrongful discharge, breach of contract, breach of the duty of good faith and fair dealing, misrepresentation and retaliation.  Plaintiffs do not proffer any opposition to the Defendant's Motion with respect to the claims for breach of contract and retaliation, accordingly, we shall deem the Motion unopposed as to those claims and dismiss them.

With regards to the wrongful discharge claim, we are again constrained to deny the Defendant's Motion inasmuch as the applicability of Virgin Islands Wrongful Discharge Act depends on the disputed threshold factual issue of whether the Plaintiffs were employees.

While we find such claim to be extremely tenuous, we shall also deny the Defendant's Motion with respect to the breach of good faith and fair dealing claim contained in Count V.  Plaintiffs essentially assert that the Defendants 'misrepresented' the benefits they were owed to them as employees, including holiday pay, overtime pay, and tax withholding.  In light of the factual disputes

among the parties, we cannot grant summary judgment on this claim.

Finally, we shall grant the Defendant's motion with regards to Plaintiffs' fraud claim.  Fed. R. Civ. P. 9(b) requires a fraud claim to be pled with particularity.  Plaintiff does not plead any of the *prima facie* elements of a fraud claim within their spare, 5 page complaint.[3]  Accordingly, this claim shall be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment shall be granted in part and denied in part to the extent reflected in the below Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** to the following extent:

    a. Plaintiffs' claims for breach of contract (Count IV), misrepresentation/fraud (Count VI), and retaliation (Count VII) are **DISMISSED**.

---

[3] "To successfully allege an act of fraud or intentional misrepresentation, a complainant must demonstrate: (1) a knowing misrepresentation of a material fact, (2) intent by the defendant that the plaintiff would rely on the false statement, (3) actual reliance, and (4) detriment as a result of that reliance." *Mendez v. Coastal Sys. Dev., Inc.*, 2007 U.S. Dist. LEXIS 98199 (D.V.I. May 20, 2009)(citing Restatement (Second) of Torts § 530 (1977)).

      b.      The Motion is **DENIED** with respect to Counts I, II, III and V.

2.      The Court shall conduct a telephonic status conference with the parties to discuss further scheduling in this matter on September 14, 2015 at 11:00 a.m.  Counsel for the Plaintiffs shall initiate the call to Chambers, (717) 221-3986, with all counsel on the line and prepared to proceed.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge