IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EVARISTO RODRIGUEZ and JULIO BECERRIL | : : : |
| Plaintiffs, | : 1:12-cv-29 : : Hon. John E. Jones III |
| v. | : : |
| SPARTAN CONCRETE PRODUCTS, LLC, | : : : |
| Defendants. | : |

**<u>MEMORANDUM & ORDER</u>**

**April 25, 2017**

Presently before this Court is Defendant's Motion to Disqualify Plaintiffs' Counsel (Doc. 122) pursuant to Model Rules 1.7, 4.2, 3.4, and 4.4 of the Rules of Professional Conduct. The Motion has been briefed by the parties and is therefore ripe for our review. (Docs. 123, 124). For the reasons that follow, we shall grant the Defendant's Motion.

I.     **FACTUAL BACKGROUND**

Plaintiffs in this case are two former dump truck drivers, Evaristo Rodriguez and Julio Becerril (hereinafter "Plaintiffs"). Defendant Spartan Concrete Products, LLC (hereinafter "Defendant" or "Spartan") hired Plaintiff Becerril in January

2010, and Plaintiff Rodriguez in November 2010. (Doc. 123, p. 2). Spartan terminated both Plaintiffs in 2011. (Bressi Dep. 16). In this action, Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") and the Virgin Islands Fair Wage and Hour Act ("FWHA"). (Compl., ¶ 18, 21). Plaintiffs also asserted claims of wrongful discharge, breach of contract, breach of good faith and fair dealing, fraud, and retaliation. (*Id.* at ¶ 24, 27, 30, 33, 36). Plaintiffs allege that they were hourly employees of Spartan and that their rate of pay fell below statutory minimum wage requirements and that Spartan denied them overtime and holiday pay. (*Id.* at ¶¶ 9, 10). Defendant disputes the Plaintiffs' status as employees, and instead claims that Plaintiffs were independent contractors, and thus not protected by the FLSA or FWHA. (Doc. 92, p. 4).

Spartan is a limited liability company devoted to selling ready-mix concrete. (Doc. 78, ¶ 1). Rodgers Bressi ("Bressi"), along with two others, formed Spartan in 2006.[1] (Bressi Dep. p. 10). Bressi currently owns 37.5% of the company. (*Id.* at 9). From 2007 until 2010, Bressi served as the general manager for Spartan. (*Id.* at 13-14). He claims he may have had a role in the decision to hire Plaintiff Becerril. (*Id.* at 16-17). Bressi also played a role in deciding to pay the dump truck drivers as independent contractors, as well as deciding to pay them by the

---

[1] All of the following information concerning Bressi is derived from his deposition testimony, which was appended to the Motion papers.

load.  (*Id.* at 20).  In 2010, Bressi resigned from his position as general manager but he remained a managing member of Spartan.  (*Id.* at 15).  At this time, Bressi's duties consist mostly of signing checks for the company.  (*Id.*). Bressi claims he had no role in the decision to terminate Plaintiffs.  (*Id.* at 36-37, 42).  Bressi further claims that did not know that Plaintiffs complained about their pay rate.  (*Id.* at 45).  During his deposition, Bressi acknowledged that he signed a letter to the Attorney General classifying Becerril as a "subcontractor."  (*Id.*, Exhibit 6-A).

## II.   PROCEDURAL HISTORY

Plaintiffs filed their complaint in the District Court of the Virgin Islands on March 22, 2012.  (Doc. 1).  The parties commenced discovery on May 8, 2012.  (Doc. 6).  Discovery continued over the course of the next three years.  On February 5, 2015, the matter was reassigned to the undersigned, sitting by designation in the District of the Virgin Islands.  (Doc. 90).   By Memorandum and Order dated August 18, 2015, we granted summary judgment in favor of Spartan on Plaintiffs' breach of contract, misrepresentation/fraud, and retaliation claims.  Remaining for trial are Plaintiffs' FLSA, FWHA, and wrongful discharge claims.  (Doc. 92).  Trial is currently scheduled to commence with jury selection on July17, 2017.  (Doc. 119).

During the pendency of this litigation, on October 21, 2016, Rodgers Bressi commenced his own lawsuit against Spartan, due to alleged internal conflicts with the other shareholders. (Doc. 122, Exhibit 1). Bressi retained Lee Rohn to represent him in his new lawsuit against Spartan. (*Id.*). Attorney Rohn also represents Plaintiffs Becerril and Rodriguez in this matter. Joel Holt, attorney for Spartan in the case against Becerril and Rodriguez, declined to represent Spartan in its case against Bressi. (*Id.*). Attorney Holt's reason for declining representation in this new matter was that he perceived there to be a conflict of interest. (*Id.*). Attorney Holt affirms that he planned to call Bressi as his first witness in the case against Becerril and Rodriguez in order to explain how Spartan came to use the truck drivers as independent contractors. (*Id.*). Defendant filed the instant Motion to Disqualify Attorney Rohn from representing Plaintiffs Rodriguez and Becerril based on her concurrent representation of Bressi. (Doc. 122).

### III. STANDARD OF REVIEW [2]

This Court has power to disqualify attorneys based on its "inherent authority to supervise the professional conduct of attorneys appearing before it." *United*

---

[2] Local Rule 83.2(a)(1) provides that the Model Rules of Professional Conduct adopted by the American Bar Association govern attorney conduct in the Virgin Islands. *See Cubica Group LLC v. Mapfre Puerto Rican Am. Ins. Co.*, No. 3:11-cv-108, 2012 WL 5331257, at *1, n. 1 (D.V.I. Oct. 29, 2012).

States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).  The decision to disqualify counsel is committed to the "sound discretion of the district court."  *Id.*

"The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings and the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." *McKenzie Const. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859 (D.V.I. 1997). Trial courts often use disqualification as a sanction for violating disciplinary rules. *See Miller*, 624 F. 2d at 1201. The Third Circuit has noted that "the district court has 'wide discretion in framing its sanctions to be fair and just to all parties involved.'" *Id.* (quoting *IBM v. Levin*, 579 F.2d 271, 279 (3d Cir. 1978)).

### IV. DISCUSSION

Defendant invokes Rules 1.7 (Conflict of Interest: Current Clients), 4.2 (Communication with Person Represented by Counsel), 3.4 (Fairness to Opposing Party and Counsel) and 4.4 (Respect for Rights of Third Persons) of the Model Rules of Professional Conduct in the instant Motion to Disqualify Attorney Rohn from representing the Plaintiffs in this matter.  We shall discuss the application of each Model Rule *in seriatim.*

**A. Model Rule 1.7**

Model Rule 1.7 states that "[e]xcept as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Ann. Mod. Rules Prof. Cond. 1.7(a). The Rule explains that a concurrent conflict of interest exists when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Ann. Mod. Rules of P. Cond. 1.7(a)(2). Comment (1) to the Rule elaborates on the purpose of Model Rule 1.7:

> Loyalty and independent judgment are essential elements in the lawyer's relationship to the client. Concurrent conflicts of interest can arise from the lawyer's responsibilities to another client, a former client, or a third person or from the lawyer's own interests.

Here, Defendant contends that Attorney Rohn's concurrent representation of the Plaintiffs and Bressi violates Model Rule 1.7. We agree, for the reasons that follow.

We find the matter of *Jones v. Daily News Pub. Co. Inc.*, No. CIV. 1999/138, 2001 U.S. Dist. LEXIS 5349 (D.V.I. 2001) to be particularly persuasive to our reasoning herein. In *Jones,* Attorney Rohn was disqualified from representing the Plaintiff, Will Jones, because she represented an individual named Andy Gross in a separate case against the Daily News arising out of Gross' termination from the Daily News. Will Jones, who had prior supervisory

responsibility over Gross and performed a significant part of the investigation into Gross' termination, was a key witness in Gross's case against the Daily News. The district court determined that the Daily News had standing to move to disqualify Attorney Rohn from representing Will Jones, reasoning that the Daily News was entitled to the testimony of its former manager, Will Jones, "unencumbered by the untrammelled access of Gross' attorney to such witness." *Id.* at *8.[3] Here, it is evident that Bressi is a material witness for Spartan, and that Spartan is entitled to move to disqualify Attorney Rohn.

While this matter is distinct from *Jones* in that Spartan does not seek to disqualify Rohn from representing Bressi, its former manager, but rather Rodriguez and Becerril, we view the conflict as essentially the same as that in *Jones*. It is inherently unfair to Spartan for Attorney Rohn to have "untrammelled access" to Bressi, whom Spartan considers to be a key witness in favor of their defense, while she still represents Plaintiffs in this case against Spartan. On the particular facts herein, there is a sufficient conflict of interest to warrant disqualification based on Model Rule 1.7.[4]

---

[3] The district court did eventually allow Attorney Rohn to represent Jones, but only after she withdrew from representing Gross and therefore removed the conflict. (Doc 122, p. 8).

[4] Moreover, our determination is not altered by Attorney Rohn's claims that Bressi, Rodriguez, and Becerril are all aware of the conflict and have waived it. Here is its Spartan that faces prejudice from Attorney Rohn's concurrent representation of these individuals, and thus that Bressi, Rodriguez and Becerril waived any potential conflict is of no moment to our analysis.

## B. Model Rule 4.2

Attorney Rohn's representation of Bressi also violates Model Rule of Professional Conduct 4.2, which concerns communications with represented persons. Rule 4.2 states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Ann. Mod. R. of P. Cond. 4.2. The comments to Rule 4.2 demonstrate that this rule applies to employees of a corporation. To wit, Comment (4) to Rule 4.2 provides:

> [i]n the case of an organization, this Rule prohibits communications by a lawyer for another person or entity concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Further, the "concerns reflected in the Comment to Rule 4.2 may survive the termination of the employee relationship." *Jones*, 2001 U.S. Dist. LEXIS 5349 at *10. Therefore, Rule 4.2 restrictions on communication may apply to some former corporate employees, like Bressi.[5]

---

[5] Although the American Bar Association issued a formal opinion clarifying that Rule 4.2 does not apply to former employees, a number of courts in the Third Circuit continue to require inquiry into the status of former employees. *See Jones*, 2001 U.S. Dist. LEXIS 5349 at *10 (collecting cases).

Plaintiffs contend that Attorney Rohn's representation of Bressi is different from the subject matter of her representation of Rodriguez and Becerril, thus Rule 4.2 is inapt. We disagree. It is clear to the Court that Bressi's testimony potentially "goes to the heart of" Rodriguez and Becerril's case against Spartan: why and how Spartan choose to pay the dump truck drivers as independent contractors. *See Jones*, 2001 U.S. Dist. LEXIS 5349 at *13. Confidential discussions between Attorney Rohn and Bressi have and will necessarily involve Spartan inasmuch as Bressi names Spartan as a defendant in his lawsuit. Thus, the instant case falls into the category of cases where an attorney should inquire of the status of a former employee prior to communicating with him or her. In this situation, it is evident that if Attorney Rohn had asked Attorney Holt if she could communicate with Bressi regarding Spartan that Attorney Holt would not have given permission. As such, we find that Attorney Rohn has violated Model Rule 4.2 in her communications with Bressi.

**C. Model Rules 3.4 and 4.4**

Defendant also raises Model Rules 3.4 and 4.4, regarding fairness to opposing party and opposing counsel, as potential grounds for disqualifying Attorney Rohn from representing Plaintiffs in this matter. However, because we find that the violations of Model Rules 1.7 and 4.2 dispositively require

9

disqualification as the appropriate remedy here, we shall not discuss Rules 3.4 and 4.4 other than to note that it would be fundamentally unfair to Defendant to permit Attorney Rohn to represent Plaintiffs in this matter after having also represented Bressi.  Regardless of whether Attorney Rohn and Bressi have both sworn under oath that they have not discussed the instant case and that there is "no evidence to the contrary," (Doc. 123, p. 16-17), we agree with Defendant that no amount of swearing can remove the taint of unfairness that the concurrent representation has caused.

## V.    CONCLUSION

Accordingly, for the reasons stated hereinabove, we shall grant the Defendant's Motion to Disqualify Attorney Rohn.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Spartan Concrete Products, LLC's Motion to Disqualify Plaintiffs' Counsel (Doc. 122) is **GRANTED**.

2. The Clerk of Court shall **TERMINATE** Attorney Rohn and her law firm as counsel for Plaintiffs in this case.

3. Plaintiffs shall have a period of 60 days to obtain new counsel.

4. The trial date of July 17, 2017 is **ADJOURNED**.  A new date will be set once Plaintiffs obtain new counsel.

5. The status call scheduled for May 22, 2017 at 11:00 a.m. is **CANCELLED**.

                <u>s/ John E. Jones III</u>
                John E. Jones III
                United States District Judge