**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

EVARISTO RODRIGUEZ & JULIO
BECERRIL

                Plaintiffs,

v.

SPARTAN CONCRETE PRODUCTS, LLC.

                Defendant.

Civil No. 2012/29

Action for Damages

**<u>JURY TRIAL DEMANDED</u>**

## SPARTAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES
_____

The Defendant, Spartan Concrete Products, LLC ("Spartan"), hereby opposes Plaintiffs' Motion for Costs and Attorneys' Fees. Attorney Russell seeks $43,920.00 in fees to Attorney Russell; $1,225.00 in costs to Attorney Russell; $17,700.00 in fees to Attorney Rohn; and $12,184.30 in costs to Attorney Rohn. Plaintiffs request costs and fees based on the judgment entered in Count I-- $2,005.76 to Plaintiff Becerril and $1,062.47 to Plaintiff Rodriguez for the FLSA violation; and Count II-- $636.83 to Plaintiff Becerril and $147.89 to Plaintiff Rodriguez for the VIFWHA violation. Spartan respectfully submits that this Honorable Court should exercise its discretion and substantially reduce the amount of costs and fees requested by Plaintiffs for Count I and that this Honorable Court should completely decline to award fees and costs for the *de mimimis* judgment entered in Count II.

A reduction of costs and attorneys' fees is warranted because although Plaintiffs technically prevailed because a judgment was entered in their favor in Count I and Count II, Plaintiffs were only very marginally successful in their claims for damages because: (1)

they only successful on **two of the seven counts** originally alleged (three counts were dismissed on a motion for summary judgment and two after the trial);  (2) the judgment in their favor was only a tiny fraction (approximately 0.37% for Plaintiff Becerril and 0.27% for Plaintiff Rodriguez) of the damages they contended they were owed, as set forth in their interrogatory responses and the Joint Final Pretrial Order;[1] and (3) the action was only prolonged because Plaintiffs were inflexible in their demand and damage calculation, despite ample evidence that their damage calculation was unreasonable and not based on any facts whatsoever; and (4) the Court used Spartan's own evidence to determine the damages owed to Plaintiffs, which have been available to Plaintiffs since early 2014. As a point of logic, if anything, Spartan should be considered the prevailing party since Spartan was ordered to pay a sum available to Plaintiffs since early 2014 based on Spartan's accounting, produced at that time. See ECF No. 78-12 and 88-1 (Alibocas declaration and spreadsheet of the accounting). In fact, the purpose of Plaintiffs going to Court was to try to prevail by getting an award greater than the amount already available.

Additionally, while Plaintiffs were only successful on two of the seven counts originally alleged, Plaintiffs requested costs and fees for the money and time Plaintiffs' attorney expended for the entire case. The costs and fees have not been allocated among the FLSA count and the other counts, with some items claimed really involving other

---

[1] Plaintiffs filed their Responses to Interrogatories on July 2, 2012, by which Plaintiff Becerril claimed he was owed $713,780 and Plaintiff Rodriguez claimed he was owed $432,595. Plaintiffs' Proposed Joint Pretrial Orders consistently referenced those calculations and those amounts.

aspects of the entire lawsuit. That would be akin to Spartan filing its own motion for costs and attorneys' fees for the two counts upon which it prevailed and requesting costs and fees for the money and time Spartan's attorneys expended on the entire lawsuit. Spartan recognizes the futility of such a motion and declines to engage the Court's time with such a motion.

## I. Costs and Fees Pursuant to 29 U.S.C. § 216(b)

Spartan recognizes that under 29 U.S.C. § 216(b) an award for fees and costs is mandatory; nevertheless, the Court may exercise its discretion to reduce requested costs and fees to a reasonable amount. *See, e.g., Mantz v. Steven Singer Jewelers*, 100 F. App'x 78 (3d Cir. 2004) (affirming the District Court's method for determining reasonable costs and attorney's fees).[2]

Counsel for Spartan could not locate any Virgin Islands cases that have awarded costs or fees based on 29 U.S.C. § 216(b). However, there is ample case law in the other District Courts and the Third Circuit that explains how costs and fees may be awarded pursuant to 29 U.S.C. § 216(b), which is by using the "lodestar" formula, which requires

---

[2] The district court found for Mr. Mantz on both claims and awarded him a total of $5,376 in overtime pay, unpaid regular wages, and liquidated damages. It also held that Mr. Mantz was entitled to reasonable attorney's fees and costs. On March 28, 2003, Mr. Mantz filed a petition for $31,083 in attorney's fees and $1,545.99 in costs pursuant to 29 U.S.C. § 216(b). Singer filed its opposition on April 4, 2003. On May 7, 2003, the district court filed an order awarding Mr. Mantz $14,360 in attorney's fees and $1,545.99 in costs. On May 22, 2003, Mr. Mantz filed a motion to alter or amend the judgment in which he requested an additional award of attorney's fees for the time expended in the trial before the district court. On June 3, 2003, the district court amended the judgment and awarded Mr. Mantz an additional $2,680 in attorney's fees. *Mantz*, 100 F. App'x at 80.

multiplying the number of hours *reasonably* expended by a *reasonable* hourly rate. *See, e.g., Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177–78 (3d Cir. 2001) (emphasis added and citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Pennsylvania Environ. Def.,* 152 F.3d 228 (3d. Cir. 1998)).

"In *Hensley,* the Supreme Court stated that a district court must provide a concise but clear explanation of its reasons for a fee award." *Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995). The Third Circuit has also held that this Court may determine the award by: (1) the lodestar method by which the number of hours reasonably expended is multiplied by a reasonable hourly rate; and (2) it may also consider the *Johnson* factors as long as they have not already been subsumed in the lodestar calculation. *See Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 128 (3d Cir. 2017) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)).

The *Johnson* factors are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)).

"Having prevailed in the litigation is not cause to overwhelm the losing party with unreasonable fees and costs." *Loughner*, 260 F.3d at 180. And, in this case, Spartan also prevailed on half of the counts that were tried and Spartan provided all of the documentation on which the judgment was calculated. Both factors should warrant a reduction in the attorneys' fees and costs awarded in this case.

*Loughner* guides:

> A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable.
> …
> Hours that would not generally be billed to one's own client are not properly billed to an adversary.

*Id*. (quotation omitted).

"A prevailing party must provide enough specificity in its billing entries to allow a court to assess what tasks an attorney performed when examining an application for attorney's fees." *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. CV 2010-083, 2014 WL 1178200, at *7 (D.V.I. Mar. 21, 2014). Therefore, the Court should strike any hours that are vague or overly general in determining the lodestar.

This Honorable Court should also consider that as the Court's conclusions of law discussed, Plaintiff's entire case was decided based upon the documentation submitted

by Spartan.[3] This documentation had been available to Plaintiffs since early 2014, yet Plaintiffs remained resolute in their unreasonable demands for damages there had no basis in facts of any kind.

Attorney Russell's affidavit shows a total of 109.8 hours worked at a rate of $400.00/hour. Attorney Rohn's Time Chart claims a total of 44.25 hours worked at a rate of $400.00/hour. This hourly rate and the number of hours worked are not allocated among the FLSA claims and the other counts; thus they are not specific enough to allow for 100% of the time and fee to be allocated to the FLSA claim. Attorneys Russell and Rohn contend that a $400.00 hourly rate is reasonable; however, courts routinely allow for a reduction for relatively simple cases, such as those dealing with straight forward employment issues, as was the case here. Thus, Spartan proposes that the hourly rate used to calculate the lodestar should be reduced to $200/hour based on the simplicity of this case, and the hours should be reduced by 6/7, to reduce the hours proportionally

---

[3] "Defendant's own trial exhibit—Defendant's Spreadsheet, about which Mr. Alibocas testified—provides an accurate summary of the work that Plaintiffs completed each week. Plaintiff Beccerril testified that he worked twenty-four to twenty-five hours of overtime each week, and Plaintiff Rodriguez testified to much of the same, but Plaintiffs' testimony lacks precision as it does not account for sick days, vacation days, and slower weeks where Plaintiffs would have been unlikely to work more than forty hours. Also, Plaintiff Beccerril provided somewhat inconsistent testimony concerning the number of hours he worked each week. (*See supra* note 6 and accompanying text.) Defendant's Spreadsheet, in contrast, provides a week-by-week breakdown and demonstrates that although Plaintiffs engaged in some workweeks that exceeded forty hours, those workweeks occurred sporadically and, even when they did occur, they did not consistently add up to twenty-four to twenty-five overtime hours. As a result, Defendant's Spreadsheet provides a more accurate account of the hours that Plaintiffs worked for Defendant." *Rodriguez v. Spartan Concrete Prod., LLC*, No. CV 12-29, 2019 WL 215580, at *6 (D.V.I. Jan. 16, 2019).

based fees for one of the seven claims that were originally filled. These reductions would render a lodestar of $200.00/hour for 15.69 hours for Attorney Russell and $200.00/hour for 6.32 hours for Attorney Rohn.

Furthermore, all entries whereby Attorney Russell is reviewing Attorney Rohn's work to familiarize himself with the case should be discounted from the total hours because they should not be counted twice against Spartan; Attorney Rohn's disqualification from the action was of her own doing.

Spartan submits that the following *Johnson* factors also favor a reduction of the costs and fees requested by Plaintiffs. First, Plaintiffs' recovery in this action is subject to a contingency fee, so any recovery here would be a windfall to the Plaintiffs and counsel for Plaintiffs. The final determination of the pay owed pursuant to the FLSA was made by the Court, based on its own calculations, of which Plaintiffs' testimony was only very minimally helpful. Finally, Plaintiff's counsel argues that he and Attorney Rohn have a combined experience of over 50 years, yet it took them over six years to get the case to trial, even though this was a relatively simple labor dispute case.

The same standards apply to review costs as to attorneys' fees. *Loughner*, 260 F.3d at 181.

> A fee petition must 'be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed.' In this case, the record contains a one-page statement of costs, and an Affidavit swearing to their accuracy. The one-page statement contains dates and descriptions, but does not include supporting data explaining the relevant purpose of the expenditures.

*Id*. (quoting *Washington v. Philadelphia Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir.1996)). Attorney Russell requests reimbursement of $1,225.00 for his costs expended for his client, Plaintiff Becerril to travel to attend the trial. ECF No. 187 ¶ 12. This request is entirely unreasonable and inappropriate. If Spartan were seeking costs and fees, it would not expect to be reimbursed for any travel incurred by its witnesses. Thus, this cost should be deducted from any costs awarded.

The bulk of Attorney Rohn's costs consist of photocopies. None of the entries specify the purpose or the nature of the documents that were photocopied. Additionally, some entries charge photocopies at $0.50 per page and other entries charge $0.75 per page. Given the lack of specificity, all costs for photocopies should be deducted from costs awarded.

Plaintiffs contend their high fees and costs are reasonable based on *Cain v. Almeco USA, Inc.* 2014 WL 2158413 (N.D. Ga. May 23, 2014). However, Plaintiffs ignore that although the court in *Cain* declined to reduce the lodestar amount for limited success on the merits of the claim, the Georgia court certainly *could have* reduced the lodestar and the court stated:

> **the degree of [plaintiff's] success is 'the most critical factor in determining the reasonableness of a fee award**' … [w]hen the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was **partially successful** in its efforts.

*Id.* at *1 (emphasis added).[4]

---

[4] The Supreme Court of the United States has also explained that when a plaintiff is only only partially successful, the product of hours reasonably expended on the litigation as a

Plaintiff's FLSA Count is only one of the original seven alleged in the Complaint. Additionally, it is only one of four counts that were tried, of which Plaintiffs lost two. Plaintiffs request a total amount of costs and fees that total nearly 20 times the award for the FLSA violation, even though Plaintiffs were awarded less than 1% of the damages they set forth in their calculation in the Joint Proposed Final Pretrial Order. Plaintiff Becerril was awarded final judgment of $2,005.76 for the FLSA violation and Plaintiff Rodriguez was awarded final judgment of 1,062.47 for the FLSA violation, for a total of $3,068.23 for both Plaintiffs. Plaintiff Becerril stated his damages totaled $713,780 in the Joint Proposed Final Pretrial Order and Plaintiff Rodriguez stated his damages were $432,595 and they both referenced their responses to interrogatories from 2012.

Attorney Russell's and Attorney Rohn's requests are clearly excessive in light of their unreasonable stubbornness in maintaining the same damage calculation since 2012, despite clear evidence, which the Court itself used, to calculate damages for Plaintiffs. In light of the above factors discussed, this Court should exercise its discretion to reduce the total fees and costs awarded to Plaintiffs, by at least six sevenths and further reduce it by considering the *Johnson* factors.

II.      **Costs and Fees Pursuant to 5 V.I.C. § 541**

Costs and fees awarded under 5 V.I.C. §541 are also subject to the Court's discretion. *See e.g., Buntin v. Continental Ins. Co.*, 18 V.I. 604 (D.V.I. 1981). On occasion,

---

whole times a reasonably hourly rate may be excessive and when there is a possibility of an excessive fee recovery, the the degree of success obtained is the most critical factor. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

the court has refused to make any award for attorney's fees. *See, e.g., Smith v. Government of the V.I.*, 5 V.I. 536 (D.V.I. 1966). Spartan submits that this case is another occasion to decline to award costs and fees under 5 V.I.C. §541. "The decision whether to award fees is within the court's discretion." *Island Green, LLC v. Querrard*, 2013 WL 1324833, at *1 (D.V.I. Mar. 27, 2013) (finding "that it is more fair and reasonable to grant attorney's fees in the amount of $12,022.57, representing two-sevenths of the full amount claimed by defense counsel") (citing *Jo–Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.,* 31 V.I. 226, 233 (D.V.I. 1995); *see also Bedford,* 18 V.I. at 277 ("Both the decision to make such an award and the amount to be awarded are within the court's discretion.").

It is well established in Virgin Islands law that the purpose of 5 V.I.C. §541 is to indemnify a fair and reasonable portion of Plaintiffs' attorneys' fees and not for the whole amount charged by the attorney. *See Trailer Marine Transport. Corp. v. Charley's Trucking, Inc.*, 20 V.I. 286 (V.I. Terr. 1984).  Here, Plaintiffs did not incur any costs or fees because they were on a contingency fee basis. As with the FLSA claim, here, the Court made its decision and its calculation of damages for the VIFWHA claim based on the documentation provided by Spartan. The Court used Spartan's time sheets and testimony to extrapolate the amounts owed—which the Court found to be *de minimis*. To award any costs or attorneys' fees in a case where a *de mimimis* judgment is entered would unfairly compensate Plaintiffs and their attorneys and it would merely constitute a windfall to them. As such, Spartan respectfully requests that all costs and attorneys' fees for the awards of $636.83 to Plaintiff Becerril and $147.89 to Plaintiff Rodriguez for the VIFWHA violation be denied in their entirety.

### III. <u>Conclusion</u>

To conclude, the Court should exercise its discretion to reduce the requested fees and costs pursuant to 29 U.S.C. § 216(b) for the FLSA award, and decline to award any costs and fees pursuant to 5 V.I.C. § 541 for the VIFWHA award. For both counts, the Court relied almost solely on the documents and testimony provided by Spartan, and very sparingly on any work or testimony by Plaintiffs. In fact, most of the Plaintiffs' testimony was found to be unreliable. Finally, since Spartan prevailed minimally on only two of the four counts that went to trial, Spartan could file its own motion for costs and attorneys' fees against the Plaintiffs, but Spartan acknowledges the futility of this action, and declines to burden the Court with such a motion. As such, Spartan respectfully requests this Honorable Court exercise its discretion to reduce the costs and fees awarded to Plaintiffs.

Respectfully submitted,

Dated: February 22, 2019

*/s/ Robin Seila*
Robin Seila
Law Office of Joel H. Holt, P.C.
2132 Company Street
Christiansted, St. Croix
USVI, 00820
(340) 773-8709

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 22nd day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the DC/ECF system, which will send a notification of such filing (NEF) to the following

Ronald. E. Russell
The Russell Law Firm, LLP
P.O. Box 3259
Kingshill, VI 00851

*/s/ Robin Seila*