NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| EVARISTO RODRIGUEZ and JULIO BECCERRIL, | |
| Plaintiffs, | Civ. No. 12-29 |
| v. | **OPINION** |
| SPARTAN CONCRETE PRODUCTS, LLC, | |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on the Motion for Attorneys' Fees brought by Plaintiffs Evaristo Rodriguez and Julio Beccerril (collectively, "Plaintiffs"). (ECF Nos. 184–88.) Defendant Spartan Concrete Products, LLC ("Defendant") opposes. (ECF No. 190.) The Court has decided the Motion after considering the written submissions of the parties without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants in part and denies in part Plaintiffs' Motion for Attorneys' Fees.

## BACKGROUND

As the parties are familiar with the facts of this case, the Court reprises only those facts that are relevant for this Motion.[2] In summary, Plaintiffs sought damages for unpaid overtime

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] The Court adopts the fuller recitation of facts that appears in its January 16, 2019 Opinion accompanying the final judgment. (Op. at 2–8, ECF No. 179.)

1

work and wrongful discharge. Plaintiffs initially alleged seven counts: (I) unpaid overtime wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*; (II) unpaid overtime wages pursuant to the Virgin Islands Fair Wage and Hours Act (the "VIFWHA"), 24 V.I.C. § 1 *et seq.*; (III) wrongful discharge pursuant to the Virgin Islands Wrongful Discharge Act (the "VIWDA"), 24 V.I.C. § 76; (IV) breach of contract; (V) breach of the implied covenant of good faith and fair dealing; (VI) fraud; and (VII) unlawful retaliation. (Compl. ¶¶ 17–37, ECF No. 1.) The Court subsequently dismissed Plaintiffs' claims for breach of contract (Count IV), fraud (Count VI), and unlawful retaliation (Count VII). (Summ. J. Op. at 7–8, ECF No. 92.)

On December 2, 2016, Defendant moved to disqualify counsel for Plaintiffs, Ms. Lee J. Rohn, because she was simultaneously representing a critical witness in another action against Defendant. (Mot. Disqualify at 4–5, 10, ECF No. 122.) On April 25, 2017, the Court agreed and terminated Ms. Rohn as counsel for Plaintiffs. (Disqualify Op. at 10, ECF No. 127.) The trial, which had been scheduled for July 17, 2017, was adjourned. (*Id.*) Mr. Ronald E. Russell entered an appearance on behalf of Plaintiffs on July 25, 2017. (ECF No. 129.) On April 5, 2018, this case was reassigned to the Honorable Anne E. Thompson. (ECF No. 130.)

On November 13, 2018, over six years after Plaintiffs filed the Complaint, the parties participated in a non-jury trial to resolve Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA and the VIFWHA (Counts I and II), wrongful discharge pursuant to the VIWDA (Count III), and breach of good faith and fair dealing (Count V). (Op. at 1–2.) The Court issued its Findings of Fact and Conclusions of Law on January 16, 2019. Specifically, the Court found that Plaintiffs were employees, not independent contractors, of Defendant (*id.* at 8–10); Defendant owed Plaintiffs unpaid overtime wages pursuant to both the FLSA and the VIFWHA

(*id.* at 10–19); Defendant did not wrongfully discharge Plaintiffs pursuant to the VIWDA (*id.* at 19–21); and Defendant did not breach the implied covenant of good faith and fair dealing (*id.* at 21–22). The Court ordered Defendant to pay Plaintiff Beccerril $2,642.59 ($2,005.76 for the FLSA violation and $636.83 for the VIFWHA violation) and Plaintiff Rodriguez $1,210.36 ($1,062.47 for the FLSA violation and $147.89 for the VIFWHA violation). (*See id.* at 22–23; Order & J. at 1–2, ECF No. 178.)

On February 11, 2019, Plaintiffs filed the instant Motion for Attorneys' Fees, requesting $17,700.00 in attorneys' fees and $12,184.30 in costs to Ms. Rohn for her services from March 22, 2012 to April 25, 2017; and $43,920.00 in attorneys' fees and $1,225.00 in costs to Mr. Russell for his services from July 25, 2017 to the present. (Mem. Supp. Mot. Attys' Fees at 10–11, ECF No. 185.)[3] On February 14, 2019, Plaintiffs filed a Notice of Appeal in regard to the Court's Order and Judgment dated January 16, 2019. (Notice Appeal at 1, ECF No. 189.) Defendant opposed the Motion for Attorneys' Fees on February 22, 2019 (ECF No. 190), and Plaintiffs replied on March 8, 2019 (ECF No. 191). The Motion for Attorneys' Fees is currently before the Court.

## LEGAL STANDARD

As a general matter, when attorneys' fees are statutorily permitted, "[a] plaintiff must be a 'prevailing party' to recover" such a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (regarding award of attorneys' fees under 42 U.S.C. § 1988). "[T]o be considered prevailing, a plaintiff 'must obtain [either] an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement.'" *Ward v.*

---

[3] Plaintiffs subsequently filed two Motions to Amend their Motion for Attorneys' Fees (ECF Nos. 186, 188), which the Court grants.

3

*Phila. Parking Auth.*, 634 F. App'x 901, 903 (3d Cir. 2015) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). A plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." *Id.* (quoting *Hensley*, 461 U.S. at 433).

Once the reviewing court determines that an award of attorneys' fees is appropriate, it must calculate a "lodestar" amount. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). This calculation is a two-step process. First, the court must determine the number of hours reasonably expended on the litigation. In doing so, the court may exclude hours that were "excessive, redundant, or otherwise unnecessary." *Id.* The court may also exclude hours "spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." *Id.* (citations and quotation marks omitted).

Second, the court must determine the reasonable hourly rate of compensation. A reasonable hourly rate accords with the prevailing rate in the relevant community, *see id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), and is often based on average market rates of similarly situated lawyers based on comparable skill, experience, and reputation, *id.*; *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (*as amended* Feb. 25, 2005) ("[A] reasonable hourly billing rate for such services [is] based on the given geographical area, the nature of the services provided, and the experience of the attorneys."). To assist, the court may consider the relationship between the billed rate and the task performed. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) ("Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates. Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.").

The court then multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate of compensation to determine the lodestar. *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 433). "The lodestar is presumed to be the reasonable fee," but the court may, under its discretion, adjust the lodestar. *Id.* In such a determination, the court may consider:

> the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.

*Dorval v. Moe's Fresh Mkt.*, 2019 U.S. Dist. LEXIS 25724, at *5 (D.V.I. Jan. 29, 2019) (quoting *Lucerne Inv. Co. v. Estate Belvedere*, 411 F.2d 1205, 1207 (3d Cir. 1969)).

## DISCUSSION

Plaintiffs request $17,700.00 in attorneys' fees and $12,184.30 in costs to Ms. Rohn for her services from March 22, 2012 to April 25, 2017; and $43,920.00 in attorneys' fees and $1,225.00 in costs to Mr. Russell for his services from July 25, 2017 to the present. (Mem. Supp. Mot. Attys' Fees at 10–11.) Plaintiffs make this request pursuant to both federal and territorial law: 29 U.S.C. § 216(b) of the FLSA and 5 V.I.C. § 541(b).

I. **Applicable Laws**

    A. *Section 216(b) of the FLSA*

"For employees who have been wrongly denied overtime pay, the FLSA offers a private cause of action to recover the corpus of the unpaid compensation along with equivalent liquidated damages, costs, and attorney's fees." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147–48 (3d Cir. 2014) (citing 29 U.S.C. § 216(b) (allowing "reasonable attorney's fee to be paid by the defendant, and costs of the action," for successful judgment)). Although §

5

216(b) is mandatory, the court has considerable discretion to reduce the requested fees and costs. *See Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 80–81 (3d Cir. 2004).

### B. *Title 5, Section 541 of the Virgin Islands Code*

Section 541 provides in relevant part that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(b); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999) (holding that section 541 is "applicable to fees for the litigant who succeeds in pursuing Virgin Islands territorial claims"). Section 541 also provides for costs. § 541(a). "Both the decision to make such an award and the amount to be awarded are within the court's discretion." *Island Green, LLC v. Querrard*, 2013 U.S. Dist. LEXIS 44147, at *4 (D.V.I. Mar. 27, 2013) (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 1981 U.S. Dist. LEXIS 9369, at *2 (D.V.I. Jan. 22, 1981)); *see also Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 91 (3d Cir. 2009).

## II. Plaintiffs Are Entitled to Modified Attorneys' Fees

Plaintiffs prevailed at trial on two claims, so they are entitled to attorneys' fees, but in a lower amount than they request. First, the Court disagrees with Plaintiffs' purported hourly rate. Plaintiffs request $400.00 per hour (Mem. Supp. Mot. Attys' Fees at 8–9), but Plaintiffs themselves undermine their very request by stating that "[t]he hourly rate charged by the attorneys *in this case* . . . ranged between $300 and $400" (*id.* at 9 (emphasis added)) and citing case law deeming an hourly rate of $125 to $300 per hour to be "in accord with customary and prevailing market rates in the Virgin Islands" (*id.* (citing *International Leasing & Rental Corp. v. Gann*, 2010 U.S. Dist. LEXIS 28172, at *6 (D.V.I. Mar. 23, 2010)); *see also M&T Bank v. Soto*, 2015 U.S. Dist. LEXIS 41200, at *11 (D.V.I. Mar. 31, 2015) ("Virgin Islands courts 'have

6

generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" (quoting *Anthony* ex rel. *Lewis v. Abbott*, 2012 U.S. Dist. LEXIS 94323, at *7–8 (D.V.I. July 9, 2012)))).

In addition, the simplicity of this case also warrants a reduced hourly rate. *See Lucerne*, 411 F.2d at 1207 (noting that "novelty and difficulty of the questions involved" and "the skill requisite properly to conduct the cause" are factors to consider). The case may have elapsed six years, but the questions presented—whether Plaintiffs were "employees" and, if so, whether Defendant owed Plaintiffs any unpaid overtime wages or unlawfully terminated them—and associated evidence involved no expert testimony or digestion of particularly complex legal or factual issues. There is also something to be said for the fact that the Court relied—almost exclusively—upon *Defendant's* summary exhibit to determine the appropriate judgment and calculate an accurate award. (*See* Op. at 11–19 (depending on Defendant's Spreadsheet for Plaintiffs' only two successful claims: FLSA and VIFWHA violations).) Accordingly, the Court adjusts Plaintiffs' hourly rate to $300.00 per hour.

Second, the Court finds that the total number of hours billed is excessive. In Ms. Rohn's chart outlining her time expended, she provides entries for various tasks from July 5, 2011 to June 28, 2012—all of which the Court finds reasonable. (Rohn Fees at 1, Ex. 2, ECF No. 184-3.) However, Ms. Rohn's next entry does not occur again for almost five more years on April 25, 2017. (*Id.* at 2.) On this day, she listed four entries for five hours each and described them as follows: "Outlined of Denroy Adams," "Outlined of Eugenie C. Williams," "Outlined of James Charles McCoy," and "Outlined of Rodgers P Bressi Jr." (*Id.*) The Court finds it unlikely that Ms. Rohn worked these twenty hours on this single day but, regardless, the Court is unable to decipher exactly what work she performed on this day as the description is simply too

ambiguous. Because "time entries still must 'be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed'" and "[t]he party seeking attorney's fees has the burden to prove that its request . . . is reasonable," *Clemens v. N.Y. Century Mutual Fire Insurance. Co.*, 903 F.3d 396, 400–01 (3d Cir. 2018) (quoting *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996); *Rode*, 892 F.2d at 1183, the Court reduces these four entries by 50% (or by ten hours). Therefore, Ms. Rohn's hours are reduced from 44.25 to 34.25.

The Court also reduces several items from Mr. Russell's chart outlining his time expended. The Court terminated Ms. Rohn as counsel for Plaintiffs a little over five years after the case began because it found that "there [was] a sufficient conflict of interest to warrant disqualification based on Model Rule 1.7." (Disqualify Op. at 7.) After Plaintiffs retained Mr. Russell to take over for Mr. Rohn, Mr. Russell billed 17.85 hours trying to catch up to speed on the case. (*See* Russell Fees at 1, ECF No. 184-2.) Much of this work, however, duplicated Ms. Rohn's work up until then, so the Court finds that these hours should be stricken, reducing his hours from 109.80 to 91.95. Accordingly, the lodestar amount for attorneys' fees is $37,860.00 ($10,275.00 for Ms. Rohn and $27,585.00 for Mr. Russell).

Notwithstanding the lodestar, a discount in the overall attorneys' fees awarded is warranted. Plaintiffs initially alleged seven counts, yet they prevailed on only two of them. (*Compare* Compl. ¶¶ 17–37, *with* Order & J. at 1–2.) This disparity warrants a reduction. *See Hensley*, 461 U.S. at 436 ("[H]ad respondents prevailed on only one of their six general claims. . . a fee award based on the claimed hours clearly would have been excessive."); *Ne. Women's Ctr. v. McMonagle*, 889 F.2d 466, 470 (3d Cir. 1989) ("When a party prevails on only some of its claims, the fee award is to be based on the hours reasonably expended on the successful

claims."); *see also, e.g., Charlery v. STX Rx, Inc.*, 2011 U.S. Dist. LEXIS 101500, at *19 (D.V.I. Sept. 8, 2011) (reducing lodestar by 40% because of time spent on counts unrelated to limited success); *Dinizo v. Twp. of Scotch Plains*, 2010 U.S. Dist. LEXIS 72212, at *1 (D.N.J. July 19, 2010) (reducing fees by 55% because, *inter alia*, "Plaintiff only prevailed on one of four claims at trial"), *aff'd*, 421 F. App'x 173 (3d Cir. 2011).

Additionally, although "a plaintiff who prevailed on only one of several interrelated claims and won essentially complete relief should receive a fee award equal to the lodestar amount," *Johnson v. Orr*, 897 F.2d 128, 132 (3d Cir. 1990), Plaintiffs did not win essentially complete relief. In fact, Plaintiffs' award is nowhere near the amount to which they argued they were entitled: Plaintiffs believed that they were entitled to $1,162,015.00 in compensatory damages (Pls.' Proposed Findings of Fact & Conclusions of Law ¶ 42, ECF No. 176), but the Court granted them only $3,852.95 (Order & J. at 1–2). Because of Plaintiffs' limited success in terms of the number of prevailing claims and amount of damages awarded, a reduction of 60% is warranted. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 317–19 (3d Cir. 2006) (affirming 75% reduction in fees because plaintiff prevailed on only one of her claims and because plaintiff's "actual award of $12,000 was far below her projected total damages of over $500,000"). Accordingly, Plaintiffs are awarded $15,144.00 in attorneys' fees ($4,110.00 for Ms. Rohn and $11,034.00 for Mr. Russell). The Court's calculation for fees is presented in chart form as follows:

| Attorneys' Fees | | |
| --- | --- | --- |
| | **Rohn** | **Russell** |
| **Adjusted Hours** | 34.25 | 91.95 |

9

| Adjusted Rate | $300.00/hr | $300.00/hr |
| --- | --- | --- |
| Subtotal (Lodestar) | $10,275.00 | $27,585.00 |
| 60% Reduction Subtotal | $4,110.00 | $11,034.00 |
| Total Fees | | $15,144.00 |

### III. Plaintiffs Are Entitled to Modified Costs

Plaintiffs request a total of $13,409.30 in costs ($12,184.30 from Ms. Rohn and $1,225.00 from Mr. Russell) (*see* Rohn Costs at 1–7, Ex. 3, ECF No. 184-3; Am. Russell Aff. ¶ 12, ECF No. 187); however, a reduction is warranted here as well. First, the Court strikes the $1,225.00 cost of Plaintiff Beccerril's travel from Philadelphia to St. Croix for the trial. Courts rarely order travel costs for *counsel* living outside the forum, *Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005), and a similar rationale applies here. The pertinent facts in this action occurred in St. Croix and Plaintiffs themselves elected to file suit in St. Croix, so Defendant should not have to subsidize the cost of Plaintiff Beccerril's travel to St. Croix. *See, e.g., Jo-Ann's Launder Ctr. v. Chase Manhattan Bank*, 1995 U.S. Dist. LEXIS 2566, at *18 (D.V.I. Feb. 9, 1995) (denying request for travel costs). Similarly, the Court also strikes the $208.00 cost of a witness's seaplane ticket (Rohn Costs at 3). *See Coral World (V.I.), Inc. v. Ross*, 2000 U.S. Dist. LEXIS 14060, at *3–4 (D.V.I. Sept. 15, 2000) (noting that "travel costs for taking depositions are not recoverable absent special circumstances" (quoting *Jo-Ann's Launder*, 1995 U.S. Dist. LEXIS 2566, at *18)).

Second, Plaintiffs request a total of $4,637.00 for photocopies. (*See* Rohn Costs at 1–7.) Plaintiffs photocopied thousands of pages—in a case in which they offered relatively few exhibits at trial—for costs inexplicably ranging from $0.25 to $0.75 per page. (*Id.*) Considering

10

that Plaintiffs request an award for photocopies higher than the amount that Plaintiffs received in compensatory damages, the Court finds this cost to be excessive. Even more, "it is well-established that 'photocopying and other reproduction costs are nonreimbursable.'" *Bank of Nova Scotia v. Christian*, 2015 U.S. Dist. LEXIS 99325, at *25 (D.V.I. July 30, 2015) (quoting *Lempert v. Singer*, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. Dec. 30, 1993)). Other courts have likewise excluded costs for photocopies. *See, e.g., Bank of Nova Scotia v. Ross*, 2014 U.S. Dist. LEXIS 135848, at *24 (D.V.I. Sept. 26, 2014); *Bank of Nova Scotia. v. Abdallah*, 2013 U.S. Dist. LEXIS 62968, at *24 (D.V.I. May 2, 2013) (denying costs pursuant to section 541 for photocopies). Because "district courts have broad discretion in the imposition of costs," *Lanni v. New Jersey*, 259 F.3d 146, 152–53 (3d Cir. 2001), the Court strikes all costs of photocopies. Accordingly, Plaintiffs' costs are reduced to $7,339.30.

### IV.     Stay Pending Resolution of Appeal Is Warranted

Although Plaintiffs filed their Notice of Appeal three days after their Motion for Attorneys' Fees, this Court retains jurisdiction to decide the Motion. While the timely filing of a notice of appeal "immediately . . . divest[s] a district court of its control over those aspects of the case involved in the appeal," a "limited number of exceptions exist. *Doran v. Courtright*, 283 F. App'x 959, 963 (3d Cir. 2008) (quoting *Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir. 1985)). In particular, "[t]he District Court ha[s] jurisdiction to rule on attorney's fees while [an] appeal [is] pending." *McBride v. Int'l Longshoremen's Ass'n*, 778 F.3d 453, 458 n.6 (3d Cir. 2015) (quoting *Venen*, 758 F.2d at 120 n.2).

However, the Court deems it appropriate to stay its Order pending the resolution of Plaintiffs' appeal. The finality of the Court's Judgment and Order is now susceptible to the Third Circuit's decision regarding Plaintiffs' appeal, and it would be premature to award

attorneys' fees and costs based on Plaintiffs' success in the litigation before that success is examined by the Third Circuit. *See, e.g., Wastak v. Lehigh Valley Health Network, Inc.*, 128 F. App'x 928, 930 (3d Cir. 2005) (noting that the district court issued an order awarding attorneys' fees but stayed the order pending the appeal). Accordingly, the Order awarding Plaintiffs attorneys' fees and costs is stayed pending the resolution of Plaintiffs' appeal.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Attorneys' Fees is granted in part and denied in part with relief as modified herein. An appropriate order will follow.

Date: 3/21/19

ANNE E. THOMPSON, U.S.D.J.